UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CV-22732-RAR

DANIEL GONZALEZ-RAMIREZ,

        Petitioner,

v.

WARDEN, KROME SERVICE
PROCESSING CENTER, *et al.*,

        Respondents.

_____/

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Petitioner Daniel Gonzalez-Ramirez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), [ECF No. 1], filed on April 21, 2026. Petitioner alleges that he has been unlawfully committed to detention in the Krome North Service Processing Center in Miami, Florida and seeks that the Court order an individualized bond hearing before an Immigration Judge, or, in the alternative, order his immediate release. *See* Pet. ¶¶ 1, 7, Prayer for Relief. The Court having reviewed the Petition, the relevant submissions, and applicable law, it is hereby

**ORDERED AND ADJUDGED** that the Petition, [ECF No. 1], is **GRANTED in part** for the reasons set forth herein.

## BACKGROUND

Petitioner is a native of Mexico who has resided in the United States since 2021. Pet. ¶¶ 1, 12. On or about March 4, 2026, Petitioner was arrested in Miami-Dade County, Florida during a routine traffic stop, for non-violent traffic-related offenses, including driving without a valid driver's license. Pet. ¶ 22. The arrest involved no allegation of violence, drugs, weapons, theft, or crimes involving moral turpitude. Pet. ¶ 22. Following the arrest, immigration officials issued

and served a Notice to Appear, charging Petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I).  Pet. ¶ 23; Resp., [ECF No. 11] at 2.  On or about March 9, 2026, Petitioner was taken into U.S. Immigration and Customs Enforcement ("ICE") custody.  Pet. ¶ 26.  Petitioner was initially detained at the facility known as Alligator Alcatraz, but he was transferred to Krome North Service Processing Center in Miami, Florida where he is currently detained.  Pet. ¶ 26.  Petitioner requested a custody hearing, but an Immigration Judge at the Miami Krome Immigration Court issued an order denying Petitioner's request because "[t]he court lacks jurisdiction."  Pet. ¶¶ 27–28.

On April 21, 2026, Petitioner filed this action requesting that the Court (1) assume jurisdiction over this matter and order that Petitioner should not be transferred outside of the Southern District of Florida during the pendency of this action absent prior notice to the Court; and (2) issue a Writ of Habeas Corpus ordering "Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge within seven (7) days of this Court's order, at which the Government bears the burden of justifying continued detention;" or in the alternative, ordering "Petitioner's immediate release from immigration custody under appropriate conditions of supervision."  *See* Pet., Prayer for Relief.

On April 21, 2026, the Court issued an Order to Show Cause and Omnibus Order ("Order to Show Cause"), [ECF No. 7], directing Respondents "to show cause why the Petition should not be granted and [to] file all documents and transcripts necessary for resolution of the Petition."  *See* Order to Show Cause at 2.  On April 23, 2026, Respondents filed a Response to the Court's Order to Show Cause ("Response"), [ECF No. 11].  Petitioner subsequently filed a Reply, [ECF No. 13].  Accordingly, the Petition is fully briefed and ripe for review.

## LEGAL STANDARD

Under 28 U.S.C. § 2241, federal district courts "within their respective jurisdictions" have the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to be within the "core of habeas corpus," a petitioner must seek "either immediate release from that confinement or the shortening of its duration." *Prieser v. Rodriguez*, 411 U.S. 475, 484, 489 (1973). Section 2241 authorizes federal courts to hear challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (noting that "28 U.S.C. § 2241[ ] confers jurisdiction upon the federal courts to hear" challenges to the "lawfulness of immigration-related detention").

## ANALYSIS

Before getting to the Petition's merits, the Court will address one threshold issue—the fact that Petitioner named the wrong Respondents. A writ of habeas corpus should "be directed to the person having custody of the person detained." 28 U.S.C. § 2243. When a petitioner challenges his "present physical confinement," the Supreme Court has held that "the immediate custodian, not the supervisory official who exercises legal control, is the proper respondent." *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). Since Petitioner is currently detained at the Krome North Service Processing Center, Respondents argue that Petitioner's "immediate custodian is Assistant Field Office Director Charles Parra." Response at 4. In the Eleventh Circuit, "courts may *sua sponte* order substitution for the proper respondent[,] as 'denial of a habeas petition for failure to name the proper respondent would give an unreasonably narrow reading to the habeas corpus statute.'" *Mayorga v. Meade*, No. 24-22131, 2024 WL 4298815, at *3 (S.D. Fla. Sept. 26, 2024) (quoting *Jackson v. Chatman*, 589 F. App'x 490, 491 n.1 (11th Cir. 2014)); *see also Buriev v.*

*Warden, GEO, Broward Transitional Ctr.*, No. 25-60459, 2025 WL 2763202, at *2 (S.D. Fla. Sept. 26, 2025).  Accordingly, the Court substitutes Charles Parra as the correct Respondent and dismisses the Warden of the Krome North Service Processing Center, U.S. Department of Homeland Security Secretary Kristi Noem, and Acting U.S. Attorney General Todd Blanche as improperly named Respondents.

Turning to the merits of the Petition, Petitioner maintains that he is not subject to § 1225(b)(2), and therefore his continued detention exceeds statutory authority.  Pet. ¶¶ 34–40. Petitioner also maintains that his detention violates the Due Process Clause of the Fifth Amendment, Pet. ¶¶ 41–46, and posits that prudential exhaustion is excused because it would be futile, Pet. ¶¶ 16–18.  Respondent asserts Petitioner's detention is lawful as Petitioner is properly detained under § 1225(b)(2).  *See* Resp. at 4–10.

Accordingly, there are two questions before the Court: (1) whether Petitioner is properly detained pursuant to § 1225(b)(2), and (2) whether Petitioner's mandatory detention is consistent with the Due Process Clause.  However, because the Court finds that Petitioner is improperly detained pursuant to § 1225(b)(2), and grants habeas relief on this basis, the Court need not reach the second question.[1]

---

[1] "[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)).  While there are certain jurisdiction stripping provisions that may preclude judicial review such as § 1252(g) and § 1252(b)(9), the Court's independent review of the record reveals that none are applicable here.  *See, e.g., Gomez-Pena v. Sec'y, Dep't of Homeland Sec.*, No. 25-cv-1287, 2026 WL 83980, at *2–3 (M.D. Fla. Jan. 12, 2026) (finding that petitioner's claims are not barred by 8 U.S.C. § 1252(g) and 8 U.S.C. § 1252(b)(9) because petitioner is not attacking "ICE's decision to commence removal proceedings, adjudicate his case, or execute an order of removal" nor is he "seeking to challenge the decision to seek removal or the process by which removability will be determined"); *Boffill v. Field Off. Dir.*, No. 25-25179, 2025 WL 3246868, at *2–4 (S.D. Fla. Nov. 20, 2025) (same).  Accordingly, "[t]he question of whether section 1225(b)(2) or section 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction." *Sanchez-Moralez v. Field Off. Dir., Miami Field Off., U.S. Immigr. & Customs Enf't*, No. 26-20217, 2026 WL 496726, at *3 (S.D. Fla. Feb. 23, 2026).

**I.    Petitioner is improperly detained pursuant to § 1225(b)(2) and is therefore entitled to a bond hearing.**

Respondent maintains that Petitioner's detention is lawful pursuant to § 1225(b)(2). Specifically, Respondent contends that the plain language of § 1225(b)(2) mandates detention of applicants for admission; that applicants for admission under § 1225(b)(2) are seeking to be legally admitted into the United States; that the Government's reading comports with Congressional intent and accords with the Supreme Court's decision in *Jennings v. Rodriguez*, 583 U.S. 281 (2018); and that § 1226 does not support Petitioner's argument. *See* Resp. at 4–10.  Petitioner, however, maintains that "§ 1226(a), not § 1225(b)(2), governs detention of noncitizens like Petitioner who are apprehended in the interior after residing in the United States and who are placed in § 240 removal proceedings." Pet. ¶ 38.

This Court previously held in *Rocha Vargas v. Miami Federal Detention Center* that a similarly situated petitioner was detained pursuant to § 1225.  No. 25-25966, 2026 WL 911291, at *1 (S.D. Fla. Apr. 2, 2026).  However, this Court decided *Rocha* when only the Fifth and Eighth Circuits had considered the very question presented by the Petition and concluded that aliens like Petitioner are detained pursuant to § 1225(b)(2)(A).  *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (finding that 8 U.S.C. § 1226(a) does not apply to petitioners, given that "[t]he text and context of § 1225 contradict the petitioners' reading of the statute."); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258, at *6 (8th Cir. Mar. 25, 2026) ("[T]he district court erred in holding that the Government could not detain [petitioner] without bond under § 1225(b)(2)(A) and in granting habeas relief on that basis.").  In *Rocha*, the Court noted that the issue is a "close call" and "[o]nce the Eleventh Circuit speaks on this issue, the Court will be bound by its holding." 2026 WL 911291, at *9.

On May 6, 2026, the Eleventh Circuit published its opinion in *Hernandez Alvarez v. Warden*, rejecting the "Government's re-interpretation of § 1225(b)(2)(A)" and affirming the district court's holding that "the discretionary detention provisions found in § 1226 governed [petitioners'] detention instead, rendering each of them eligible for bond."[2] No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026). The Eleventh Circuit held that "[t]he text and statutory structure of the INA, bolstered by the long history of detention across our immigration laws and the congressional purpose in passing IIRIRA, yield the conclusion that no bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." *Id*. And it rejected the Government's contention that Petitioners' mere presence in the interior transforms them into applicants who are 'seeking admission;' since applicants for admission may withdraw their application by simply leaving the country." *Id*. at *8. The Court also relied on the Supreme Court's opinion in *Jennings v. Rodriguez*, which "observed that § 1226 'generally governs the process of arresting and detaining' aliens 'present in the country,' including aliens 'who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission." *Id*. at *16 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 288–299 (2018)). Lastly, the Court "review[ed] [] the relevant history of the INA" and determined that "the record evidence available leads us as well to reject the Government's ahistorical reading." *Id*. at *20.

Because "[a] circuit court's decision binds the district courts sitting within its jurisdiction[,]" this Court adopts and is bound by the reasoning articulated in *Hernandez Alvarez*.

---

[2] The Second Circuit also recently considered this question and likewise determined that aliens like Petitioner are detained pursuant to § 1226. *See Cunha v. Freden*, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). A divided Seventh Circuit panel has also opined on this question. *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250 (7th Cir. May 5, 2026). Accordingly, this question continues to "appear[] destined for resolution by the Supreme Court." *Rocha Vargas*, 2026 WL 911291, at *9.

*See McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004).  Accordingly, the Court finds that § 1226(a) governs Petitioner's detention and that Petitioner is entitled to an individualized bond hearing.

**II.   The Court need not reach Petitioner's Due Process claim.**

Petitioner also argues that his detention violates the Due Process Clause of the Fifth Amendment.  *See* Pet. ¶¶ 41–46.  But the Court need not reach the merits of this claim, given that the Court is granting the relief Petitioner seeks in Count One.  *See, e.g.*, *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535, 2025 WL 2938369, at *6 (S.D. Fla. Oct. 15, 2025).  "Should Respondent[ ] fail to comply with this Order by providing Petitioner a bond hearing, Petitioner may renew [this] claim."  *Id*. (explaining petitioner's due process claim is not ripe because it is "contingent on Petitioner not receiving a custody determination hearing under 8 U.S.C. section 1226(a)").  Accordingly, Count Two is dismissed without prejudice.

<u>**CONCLUSION**</u>

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1.   Petitioner Daniel Gonzalez-Ramirez's Petition for Writ of Habeas Corpus, [ECF No. 1], is **GRANTED in part**.  Respondent, Assistant Field Office Director Charles Parra, shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2.   All deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**.

3.   The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 8th day of May, 2026.

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**